(No. 883—Claimant awarded $744.18.)

ALBERT RICE, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 1, 1925.*

INHERITANCE TAX—*when claimant entitled to refund. Sec. 25.* Where an inheritance tax has been fixed and paid under Sec. 25, Inheritance Tax Law, and afterwards under the provisions of the will claimant becomes entitled to the whole of the estate under the terms of the will, and the county court, upon proper proceedings, enters an order finding claimant entitled to a refund of the tax paid: *Held.* Claimant entitled to an award for the amount of the tax paid.

PEFFERS & WING, for claimant.

OSCAR E. CARLSTROM, Attorney General; S. S. DUHAMEL, Assistant Attorney General, for respondent.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Albert Rice, claimant, presents this claim for refund of inheritance taxes under and by virtue of Sec. 25 of Inher-

itance Tax laws of Illinois. Mary M. Higgins of this State died testate January 1, 1923, and her will was duly admitted to probate, the estate administered, settled and executors discharged. The inheritance taxes were fixed and paid under protest.

Claimant and Clara Horton were made joint beneficiaries of the residue of the property of decedent, after payment of certain other legacies, and, at death of either, the other to get entire amount as provided by will. Clara Horton died and claimant became entitled to her part so that he is sole claimant.

Clara Horton was a stranger by blood to deceased—not related to her. The tax was assessed at the highest possible rate under said Sec. 25 in accordance with the provisions in the will.

At the death of said Clara Horton the claimant became entitled to a refund of the inheritance tax under Sec. 25.

The county court subsequently to the entry of original order fixing the tax, made another order finding complainant entitled to a refund of the amount so paid. Certified copies of orders of the court and of administration are in evidence and the claim proven by competent evidence and no defense.

It is found by the court that claimant, Albert Rice, is entitled to such refund and the court accordingly awards him the sum of $744.18.